UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT DEQUAN BROWN,

Plaintiff,

v. Case No. 26-cv-1325-pp

MICHAEL SHULTZ,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION FOR SCHEDULING CONFERENCE AND MEDIATION HEARING (DKT. NO. 3) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Robert Dequan Brown, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, resolves his motion for scheduling conference and mediation hearing, dkt. no. 3, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 5, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $32.98. Dkt. No. 6. The court received that fee on September 4, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on June 16, 2023, there was a disturbance in the bathhouse near the end of "shower period[.]" Dkt. No. 1 at 10. He states that as he was putting on his shoes during the disturbance a supervisor said, "We are going to spray you guys." Id. at 11. Shortly after that, correctional officers, supervisors and the defendant, Security Director Schultz, allegedly stormed the bathhouse equipped with pepper ball guns and tasers. Id.

The plaintiff alleges that he put his hands up and surrendered after Schultz yelled to get on the floor. Id. at 12. He states that he "chose not to lie down in human excrement (semen, urine, spitum), by passively resisting while exercising his right to dignity as a human being" and told Shultz, "My hands are up, I surrender, I'm not a threat. Are you going to tase me with my hands up?" Id. at 12-13. The plaintiff asserts that Shultz then tasered him which caused excruciating pain, recurring night terrors, dizziness, migraine headaches and psychological trauma. Id. at 13. He also says that he injured his back and wrist from falling. Id.

The plaintiff claims that Shultz retaliated against him with excessive force because the plaintiff expressed his "right to human dignity and sanitation[.]" Id. at 14. He claims that Shultz violated his rights under the First, Eighth and Fourteenth Amendments. Id. at 15. For relief, the plaintiff seeks declaratory relief, injunctive relief and monetary damages. Id. at 16-17.

C. Analysis

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits "unnecessary and wanton infliction of pain" on incarcerated individuals. Hudson v. McMillian, 503 U.S. 1, 5 (1992). In cases involving the use of excessive force, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. Factors for courts to consider in determining whether the use of force was wanton and unnecessary include "the need for an application of force, the relationship between that need and the amount of force used, the

threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

The plaintiff alleges that in response to a "disturbance" in the bathhouse, prison officials stormed the area. The defendant ordered the plaintiff to get down on the ground. The plaintiff says that instead of lying on the ground, as ordered, he raised his hands and said he surrendered. The defendant then tasered him. The plaintiff says that he did not want to lay on the ground because it contained human excrement, semen, urine and spitum. At this early stage, the plaintiff may proceed on an Eighth Amendment claim against the defendant in his individual for tasering the plaintiff after he raised his hands and said that he surrendered.

The plaintiff also alleges that the defendant retaliated against him for exercising his right to human dignity by not lying on the ground. To plead a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

The plaintiff asserts that he had a protected right to human dignity to not lie on the ground and that the defendant retaliated against him for exercising that right. To determine whether an incarcerated individual's speech

was protected, the court asks whether "he engaged in this speech in a manner consistent with legitimate penological interests." Whitfield v. Spiller, 76 F.4th 698, 708 (7th Cir. 2023) (quoting Watkins v. Kasper, 599 F.3d 791, 796 (7th Cir. 2010)). The plaintiff alleges that he passively resisted the defendant's order to lay on the ground because of how dirty it was. An incarcerated individual's speech is not protected where it is "disruptive" and "confrontational." Id. (citing Watkins, 599 F.3d at 789, 799); see also Kevin v. Barnes, 787 F.3d 833, 835 (7th Cir. 2015) ("speech that violates prison [disciplinary policies], like "backtalk," is unprotected). The plaintiff's speech was not protected, and he does not state a retaliation claim against the defendant.

On the same day that the plaintiff filed the complaint, he filed a motion for scheduling conference and mediation hearing. Dkt. No. 3. The court advises the plaintiff that once the defendant has been served and answered the complaint, the court will issue a *scheduling order* setting deadlines for the parties to complete discovery and file motions for summary judgment. The court will not hold a scheduling conference. The court also advises the plaintiff that it will refer a case for mediation only if all parties ask the court to do so. Once the defendant has been served and his lawyer has filed a notice of appearance, the plaintiff may confer with defense counsel about mediation. The court will not refer this case for mediation unless both parties request it. The court will deny the plaintiff's motion for scheduling conference and mediation.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion for scheduling conference and mediation hearing. Dkt. No. 3.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Michael Shultz. Under the informal service agreement, the court **ORDERS** defendant Shultz to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$317.02** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 2nd day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**